IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No. L-11-25 |
| | § | |
| JUAN DIAZ GARCIA | § | |

### MEMORANDUM AND ORDER

On December 7, 2010, Defendant Juan Garcia ("Garcia") was arrested near Laredo, Texas and charged with reentry of a deported alien under 18 U.S.C. §1326. (Dkt. 1.) He pled guilty to that offense on February 14, 2011, and is currently awaiting sentencing. (Dkt. 17.) On April 12, 2011, Garcia filed a motion requesting that the Court appoint an attorney to help him attack a 2008 Iowa conviction for delivery of a controlled substance.[1] (Dkt. 27.) Garcia claims that his lawyer in that case did not inform him that he would be deported if he pled guilty, and argues the conviction is therefore subject to collateral attack pursuant to the Supreme Court's decision in <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473 (2010). Already represented by one appointed attorney, Garcia moves for the additional appointment under the "ancillary matters" provision of the Criminal Justice Act, 18 U.S.C. §3006A(c). (Dkt. 27.)

---

[1] Garcia pled guilty and was sentenced to ten years imprisonment, which was suspended for five years probation. (Dkt. 24, at 3.)

Garcia's concern is that the Iowa conviction increases his guideline sentencing range in this case. (Id. at 1.) Specifically, the state conviction increases his offense level by twelve and his criminal history category from one to three. See U.S.S.G. §§2L1.2(b)(1)(B), 4A1.1(b), (d). Garcia claims that if successful in attacking the Iowa conviction, "he would be entitled to apply to this Court to re-open his case for reconsideration without the enhancement."[2] (Id. at 2.) In his motion, Garcia asserts that his counsel "has made contact with attorneys in Iowa and believes that an attorney would be willing to represent [him] in state court to prepare and prosecute a Padilla claim should this Court agree to make such an appointment." (Id.)

The Government opposes Garcia's motion on several grounds. (Dkt. 31.) The Government argues that the Supreme Court's decision in Padilla, issued March 31, 2010, is not retroactive, and therefore not applicable to Garcia's 2008 Iowa conviction. (Dkt. 31, at 4.) No circuit court has yet addressed this issue, and the district courts that have are split. See Marroquin v. United States, No. M-10-156, 2011 U.S. Dist. LEXIS 11406, at *6 & nn.3-4 (S.D. Tex. Feb. 4, 2011) (noting the split). However, the three district courts that have ruled on the issue in this

---

[2] While Defendant refers to a potential "reopening" of this case, the Court has not yet sentenced Defendant because of the pending motion.

o

Circuit have all concluded that Padilla applies retroactively. See Amer v. United States, No. 1:06CR118-GHD, 2011 U.S. Dist. LEXIS 58062, at *6-8 (N.D. Miss. May 31, 2011); Zapata-Banda v. United States, No. B:09-PO-2487, 2011 U.S. Dist. LEXIS 36739, at *10 (S.D. Tex. Mar. 7, 2011); Marroquin, *supra*.

The Government also argues that Garcia lacks grounds for relief under Padilla because his written plea agreement in the Iowa case specifically warned that a conviction could affect his immigration status. (Dkt. 31, at 4.) That plea agreement states: "I know that a criminal conviction, deferred judgment, or deferred sentence may affect my status under federal immigration laws." (Dkt. 31, Attach. 1, at 4.) Lacking transcripts of the proceedings, the Court cannot know whether that was the extent of Garcia's warning. If so, however, it may well be insufficient under the Court's decision in Padilla. See Padilla, 130 S. Ct. at 1483.

Finally, the Government argues that a state action attacking a 2008 Iowa conviction is not an "ancillary matter" to this case within the meaning of 18 U.S.C. §3006A(c). (Dkt. 31, at 4.) Despite a dearth of case law addressing this issue, the Court agrees.

Section 3006A(c) provides in relevant part:

> A person for whom counsel is appointed shall be
> represented at every stage of the proceedings from his
> initial appearance before the United States magistrate

o

>judge or the court through appeal, including ancillary matters appropriate to the proceedings.

The Eleventh Circuit considered the scope of §3006A(c)'s "ancillary matters" provision in In re Lindsey, 875 F.2d 1502 (11th Cir. 1989), a case with facts similar to those here. In Lindsey, the district court denied defendant's habeas petition under 28 U.S.C. §2254 for failure to exhaust state remedies. Id. at 1503-05. The defendant filed a mandamus petition with the appellate court, seeking an order that the district court appoint an attorney under §3006A(c) to help him file a state action to exhaust those remedies. Id. The issue was whether such an action constituted an "ancillary matter" within the meaning of §3006A(c).

The court turned to §3006A's legislative history, specifically, the House Report accompanying Pub. L. No. 91-447, the legislation that added the "ancillary matters" provision to the Criminal Justice Act. Lindsey, 875 F.2d at 1508. That Report states in part:

>As amended by S. 1461, the act would not only provide for appointed counsel at every stage of the trial from initial appearance through appeal, but also for "ancillary matters appropriate to the proceedings." This provision is necessary to insure that the rights of the persons are fully protected. Many times remedies technically outside the scope of the trial proper may be necessary, such as using a habeas corpus ad testificandum to secure the presence or testimony of witnesses, or filing an application under 18 U.S.C. §4244 regarding competency to stand trial. . . . The express inclusion of "ancillary matters appropriate to

o

> the proceedings" will insure that the attorney who spends time and effort to protect a right considered valuable in defending the principal criminal charge can be compensated under the act.

H.R. REP. NO. 91-447, at 7 (1970), reprinted in 1970 U.S.C.C.A.N. 3982, 3989.

The Lindsey court interpreted the House Report to suggest that "ancillary matters are limited to proceedings comprehended within the action for which the appointment was made." 875 F.2d at 1508. It noted that "[u]nlike the trial-related examples enumerated in the House Report, the proceedings for which [defendant sought] assistance [were] not procedural mechanisms employed within the context of a federal action to insure the protection of a person's rights in that action." Id. The court concluded that because the proceedings would be independent actions convened under state authority, they were not ancillary matters within the meaning of §3006A(c). Id.

Garcia, like the defendant in Lindsey, seeks an appointment under §3006A(c) to challenge a state conviction in state court. That action would not concern a right in this, the "principal criminal charge," nor could it be characterized as simply "technically outside the scope of the trial proper" in this case. H.R. REP. NO. 91-447, at 7 (1970), reprinted in 1970 U.S.C.C.A.N. 3982, 3989. Rather, it would be an entirely independent, unrelated lawsuit convened in state court. The

o

above legislative history strongly suggests that such an action is not ancillary to this case within the meaning of §3006A(c).

In support of his motion, Garcia points to subsection 210.20.30(c) of the United States Judicial Conference's Guide to Judiciary Policy, Volume 7, Part A, Chap. 2, which provides six objectives a court should consider when determining "whether representation in an ancillary matter is appropriate to the proceedings." He argues that two of those objectives would be served by granting the appointment. (Dkt. 28, at 2.) More relevant to this inquiry, however, is §210.20.30(b), which provides guidance on "whether a matter is ancillary to the proceedings." That subsection states that when making that determination, a court should consider "whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." Id. The "matter" at issue here would be a state court action attacking Garcia's 2008 Iowa conviction for delivery of a controlled substance. The facts and issues of law that would control that action are not related to, and certainly did not arise from, the facts and issues of law that control this illegal reentry case.

In light of §3006A(c)'s legislative history, and the guidance provided in the Judicial Conference's Guide to Judiciary Policy, the Court concludes that a state court action

o

attacking Garcia's 2008 Iowa conviction is not sufficiently related to this case to constitute an "ancillary matter" under §3006A(c). Accordingly, Garcia's motion (Dkt. 27) is DENIED.

DONE at Laredo, Texas, this 8th day of June, 2011.

_____
George P. Kazen
Senior United States District Judge